UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )     Criminal No.  11-CR-10294-GAO
                                  )
DAVID KEITH,                      )
      Defendant.                  )

### Speedy Trial Order

This matter having been opened to the Court on motion by the
government, by Carmen M. Ortiz, United States Attorney for the
District of Massachusetts, Suzanne Sullivan and Nadine
Pellegrini, Assistant United States Attorneys, for an Order under
the Speedy Trial Act, 18 U.S.C. § 3161, et seq., and for good
cause having been shown,

IT IS THE FINDING OF THIS COURT that:

1.    On August 31, 2011, the grand jury returned a three-
count indictment, charging the defendant with one count of
Distribution of Child Pornography, in violation of 18 U.S.C.
§ 2252(a)(2); one count of Possession of Child Pornography, in
violation of 18 U.S.C. § 2252(a)(4)(B); and one count of
Accessing Child Pornography, in violation of 18 U.S.C.
§ 2252(a)(4)(B); as well as a forfeiture allegation.

2.    In relation to the indictment, the defendant first
appeared before a Magistrate Court on September 21, 2011, at his
initial appearance.  On that date, the government moved to detain
the defendant.  At his arraignment and detention hearing held on

1

October 6, 2011, the defendant entered a plea of not guilty and agreed to voluntary detention without prejudice.  The defendant is in custody.

    3.    This case is complex given the factually and legally dense and novel issues of law relating to the motion to suppress, the lengthy briefs and supplemental briefs filed relative to same and the oral and evidentiary suppression hearings held in this case.

        a.    On April 25, 2012, after two assented to motions to extend the deadline to file the motion had been filed and allowed by the Court, the defendant filed a lengthy Motion to Suppress with accompanying exhibits (See docket #20).[1]

        b.    On June 8, 2012, after two assented to motions to extend the deadline to file its opposition had been filed and allowed by the Court, the government filed its lengthy Opposition to the Motion to Suppress with accompanying exhibits (See docket entries #24 and 26). On June 19, 2012, as an additional exhibit to its

---

[1]   In the (second) Assented to Motion to Extend the Deadline to File the Motion to Suppress, defendant indicated the time from 4/6/12 (the original deadline to file the motion) until 4/24/12 is excludable and requested the date for a response from the government be 5/23/12.  In that same filing, the defendant also indicated the filing of the motion will further toll the calculation.  On 4/25/12, this Court allowed that assented to motion.

        opposition, the government filed a declaration from
        America On Line ("AOL") (See docket entry # 28).

c.     On June 19, 2012, the defendant filed a Motion for
        Leave to file a Reply to the Government's Opposition to
        Defendant's Motion to Suppress (See docket entry # 29),
        which the Court allowed on June 20, 2012.

d.     On June 20, 2012, the defendant filed a Reply to the
        Government's Opposition (See docket entry # 30).

e.     Also on June 20, 2012, the Court heard oral arguments
        on the motion to suppress and took the matter under
        advisement.  The novel issues surrounding the motion to
        suppress have not previously been decided in this
        District.

f.     On July 16, 2012, the defendant filed a Supplemental
        Memorandum in Support of the Motion to Suppress (See
        docket entry #33).

g.     On August 8, 2012, the Court held a status conference.
        At said conference, the Court determined it wished to
        receive evidence from a representative of AOL and a
        representative from the National Center for Missing and
        Exploited Children ("NCMEC") or a similar agencies for
        purposes of the motion to suppress.  As such, an
        evidentiary hearing was scheduled for September 20,
        2012.

h.   On September 20, 2012, an evidentiary hearing was held
     where a representative from AOL and a representative
     from NCMEC each testified.

i.   On September 21, 2012, the Court scheduled a status
     conference for October 22, 2012.

j.   Per the government's motion for complex case
     designation, from October 10, 2012, to April 10, 2013,
     Assistant United States Attorney Sullivan was out on
     leave.  During that period of time, Assistant United
     States Attorney Nadine Pellegrini handled the case.

k.   On October 17, 2012, the government filed an assented
     to motion to continue the status conference to November
     26, 2012, and requested the time from October 22, 2012,
     through November 26, 2012, be excludable (See docket
     entry #41).  On October 22, 2012, the Court cancelled
     the status conference originally set for that date.

l.   On October 23, 2012, the Court directed the parties to
     respond to specific inquiries made by the Court by
     November 16, 2012 (See docket sheet).

m.   On November 7, 2012, December 17, 2012, and December
     28, 2012, either assented to or joint motions to extend
     the time and to exclude this time were filed and
     thereafter allowed by the Court and the filing date was
     ultimately extended to January 2, 2013 (See docket

                                4

        entries # 45, 46, 47, 48, 49, 50).  On January 2, 2013, both parties filed written responses to the Court's order (See docket entries # 51, 52).  As of January 2, 2013, there were zero (0) days of non-excludable time under the Speedy Trial Act.

n.    The parties are awaiting a ruling from the Court on the motion to suppress.

4.    Pursuant to previous orders of the court, the time up to and including April 25, 2012, has been excluded from the calculations of the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(7)(A) (See docket entries # 8,11,13,15,18,19,20,45-50 and docket sheet).  Further, the time up to and including January 2, 2013, is excludable from the calculations of the Speedy Trial Clock pursuant to 18 U.S.C. § 3161(h)(7)(A).

5.    The Court finds the ends of justice served by the granting of such a continuance and excluding the time outlined herein outweigh the best interest of the public and the defendant in a speedy trial.  A failure to exclude this time may result in a miscarriage of justice, taking into account the exercise of due diligence.

    THEREFORE, IT IS HEREBY ORDERED, for the reasons stated above, that this matter shall be treated as a complex case

pursuant to Title 18, United States Code, § 3161(h)(7)(B)(ii),

for purposes of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

IT IS FURTHER ORDERED that for purpose of computing time
under the Speedy Trial Act of 1974 within which the trial must
commence, the period from the date of January 2, 2013, up to and
including the date of May 22, 2013, inclusive, shall be deemed an
excludable period of pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
3161(h)(7)(B)(I), 3161(h)(7)(B)(ii), and 3161(h)(7)(B)(iv).

_____
HONORABLE GEORGE A. O'TOOLE, JR.
United States District Judge

Dated: ___6/28/13___