**[MOTION FOR LEAVE TO FILE GRANTED ON JULY 15, 2013]**

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-10294-GAO |
| | ) | |
| DAVID A. KEITH | ) | |

DEFENDANT'S SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO SUPPRESS EVIDENCE

Defendant, David A. Keith, respectfully submits this supplemental memorandum to address two matters in the government's Response to the Court's Post-Hearing Inquiry (Docket Entry (D.E. 51)(hereinafter "Government Response"). As detailed below, the government (1) misrepresents the First Circuit's holding in United States v. Cameron, 699 F.3d 621 (1st Cir. 2012), and (2) misconstrues the Supreme Court's holding in Davis v. United States 131 S.Ct. 2419 (2011). Neither case assists the government, and for the reasons set forth in defendant's previous pleadings in support of his Motion to Suppress Evidence and Statements, the evidence used to obtain the search warrant was obtained illegally and therefore the fruits of the subsequent search, as well as defendant's statements during and in the aftermath of that search, must be suppressed.

**I. UNITED STATES V. CAMERON**

In its Response, the government writes that "NCMEC, the [First Circuit] concluded, is not "officially a government

entity." Government's Response at 2 (citing Cameron, 699 F.3d at 644). The government's selective use of quotation assertion patently misrepresents the First Circuit's actual conclusion regarding NCMEC's status as a government actor. Correctly quoted, Cameron leaves no doubt that NCMEC is functionally a law enforcement tool when it processes and analyzes child pornography. The First Circuit actually wrote,

> Although NCMEC is not officially a government entity, it receives a grant from the government, and one of the uses to which NCMEC puts this grant money is to operate the CyberTipline and forward reports of child pornography to law enforcement.

Id. at 644 (citing 42 U.S.C. § 5773(b)(1)(P) for the proposition that there is a close relationship between NCMEC and law enforcement). This led the Cameron court to the inevitable conclusion - as the government grudgingly recognizes (and only in a footnote) - that "NCMEC effectively acted as an agent of law enforcement, because it received a government grant to accept reports of child pornography and forward them along to law enforcement." Id. at 645.

The government suggests, without any elaboration or reason, that the First Circuit's conclusion would be different outside of the Crawford Sixth Amendment context. Government's Response at 2, fn. 3. The argument is spurious. While the questions addressed under the Fourth and Sixth Amendments may be different, the inquiry under both is whether the Constitution protects the

individual when the government trains its sights on him or her. The First Circuit has determined that NCMEC's close relationship with law enforcement makes it functionally a government actor, a fact the government cannot, and this Court should not, ignore. Cameron, 699 F.3d at 645.

In short, the First Circuit's conclusion gives the lie to the government's assertion that "NECMEC is simply a clearing house to funnel information already obtained from a private party to whatever law enforcement agency is deemed to be appropriate." Government's Response at 7. For purposes of Fourth Amendment analysis it is a government law enforcement actor. As such its opening and viewing of the actual image once AoL forwarded the image to its staff is an expansion of AoL's search and thus prohibited by Walter v. United States, 447 U.S. 649 (1980). Cf. United States v. Brima Wurie, __ F.3d __, 2013 WL 2129119 at *3 (1st Cir. May 17, 2013)(warrant required to conduct deeper warrantless search for data from an already seized object).

## II. DAVIS v. UNITED STATES, 131 S.Ct. 2419 (2011)

The Government argues that Davis v. United States, 131 S.Ct. 2419 (2011), makes suppression inappropriate. Government's Response at 13-16. Specifically, it argues that "[w]ith respect to NCMEC, given that there is no case which has previously held it to be a government agent, coupled with the statute which specifically permits ISP disclosure to NCMEC at 18 U.S.C. Section

2702(6), . . . exclusion would not be applicable." Government's Response at 15. The government goes on to cite at length Judge Woodlock's unpublicized decision in United States v. Baez, Criminal No. 10-10275-DPW. Government's Response at 15-17.

The government's citation to Davis and Baez, however, is inapposite. In Davis the Court held that "when the police conduct a search in objectively reasonable reliance on binding appellate precedent the exclusionary rule does not apply." 131 S.Ct. at 2434. In Baez, Judg Woodlock used Davis to address the circumstance where there existed "substantial consensus among precedential courts." Baez, 878 F.Supp.2d at 298. Here, by contrast, at the time of AoL and NCMEC's actions in searching and seizing defendant's email content, there was no precedent, substantial or otherwise, regarding whether either was an agent of law enforcement and thus there could not be reliance on judicial precedent by law enforcement.[1] Judge Woodlock's view that Davis's holding can be read to cover not only "binding appellant precedent," but also non-binding precedent that

[1]The government suggests that the AoL and NECMEC could have relied on the Fourth Circuit's holding in United States v. Richardson, 607 F.3d 357 (2010), that AoL is not a government agent when it culls email for content. Government's Response at 15. The government is wrong, for two reasons. First, AoL's action in seizing defendant's email content and NCMEC's subsequent expansion of the search both occurred before Richardson was decided. Second, Richardson did not address and did not decide whether NCMEC was a law enforcement agent. As of November 27, 2009, no appellate or district court had decided the issue of whether NCMEC was an agent of law enforcement.

constitutes "a substantial consensus among precedential courts," cannot logically be further expanded to cover reliance on the absence of any precedent, binding or otherwise. Id. See also United States v. Wurie, 2013 WL 2129119 at *38-39 (dicta)(noting that case was not one in which intervening change in law made exception relevant ). The Government is in essence arguing that the exception should swallow the rule: exclusion is mandated where novel facts arise upon which no court has ruled. There is no language, in any reported opinions from federal district or appellate courts, to support this unprecedented expansion.

In sum, the good faith exception does not apply to a situation where, as here, law enforcement acts in an illegal way simply because no court has yet told it not to. AoL's seizure of the email was an illegal search, NCMEC opening and analysis of the image forwarded to it expanded the search, and inclusion of the illegally obtained evidence tainted the subsequently obtained warrant, making the seizure of evidence from defendant's home and his subsequent statements illegal. The evidence and statements must be suppressed.

## CONCLUSION

For the foregoing reasons, as well as those set forth in defendant's previous pleadings in Support of his Motion to Suppress, the defendant respectfully moves that this Court suppress from evidence at trial items illegally observed or

seized on September 17, 2010 from 1 Marshland St., Haverhill, as a result of the search warrant as well as statements made by him contemporaneous with the search and his arrest.

DAVID KEITH
By his attorney,

/s/ Timothy G. Watkins
Timothy G. Watkins
Federal Defender Office
51 Sleeper St. 5th Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 2, 2013.

/s/ Timothy G. Watkins
Timothy G. Watkins