UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) NO.11-CR-10294-GAO |
| v. | ) |
| | ) |
| DAVID A. KEITH, | ) |
| Defendant. | ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND SUPPLEMENTAL**
**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

The United States of America, by and through undersigned counsel, submits this memorandum in support of its Opposition to Defendant's Second Supplemental Memorandum in Support of Motion to Suppress (see docket entry # 61 as well as docket entries # 22, 23, 51, 52).[1]  Contrary to defendant's assertions in his second supplemental memorandum filed on August 2, 2013, the government did not misrepresent the First Circuit's holding in *United States v. Cameron*, 699 F.3d 621 (1st Cir. 2012) nor did it misconstrue the Supreme Court's holding in *Davis v. United States*, 131 S.Ct. 2419 (2011).

I.    *United States v. Cameron*, 699 F.3d 621 (1st Cir. 2012) and *United States v. Stevenson* (8th Cir. August 15, 2013, No. 12-3960)

A question before the Court is whether Keith's constitutional right under the Fourth Amendment to be free from an unreasonable government search was violated when AOL

---

[1]  Citations to the evidentiary suppression hearing held in September, 2012, are designated by the notation ["Tr"] followed by the page number.

unilaterally searched its computer network and discovered child pornography and then whether there was a Fourth Amendment violation when AOL forwarded the image to NCMEC who viewed the image.  The answer to both should be no.  Relative to AOL, while this defense was a question of first impression for this Court at the time of the filing of the motion to suppress through the evidentiary hearing on the case but prior to any decision by this Court, it has recently been rejected by the First and Eighth Circuits and has also previously been rejected by every other federal court in which it has been litigated. *United States v. Cameron*, 699 F.3d 621 (1st Cir. 2012)(Yahoo!); *United States v. Stevenson*, (8th Cir. August 15, 2013)(AOL); *United States v. Richardson*, 607 F.3d 357 (4th Cir. 2010)(AOL); *United States v. Green*, 857 F.Supp.2d 1015 (S.D. Cal.2012)(AOL).

While the defendant may disagree with the government's position relative to the Fourth Amendment analysis in *Cameron*, the First Circuit's holding in that case is clear and the government has not misrepresented that holding.  Under *Cameron*, the Court held Yahoo was a private party for Fourth Amendment purposes and did not act as an agent of the government when it fulfilled its duty to report child pornography to NCMEC. *Cameron*, 699 F.3d at 637-638.  Therefore, pursuant to the analysis in *Cameron*, in this case, there was no Fourth Amendment violation when AOL, who like Yahoo, is a service provider and a private

party, unilaterally searched its computer system and discovered child pornography and reported it to NCMEC. *See*, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 354-55 (1974)(compliance with governmental regulations does not transform a private party's activities into state action for Fourth Amendment purposes). This fact is borne out by the affidavit of Don Colcolough submitted as an exhibit to the Government's Opposition to Defendant's Motion to Suppress as well as the testimony of Mr. Colcolough elicited at the suppression hearing. Per Mr. Colcolough, AOL's image detection and filtering process ("IDFP") is something that AOL created for its own purposes completely separate from any reporting requirement [Tr.-68] and that filtering process was not done at the behest of the government [Tr.-69] nor done in response to the regulatory mandate of Congress [Tr.-66]. In sum, AOL's actions did not equate to government conduct triggering constitutional protection because the Fourth Amendment does not protect against searches conducted by private parties acting in a private capacity. *Cameron*, 699 F.3d at 637.

Although not the case here, it is important to point out that had AOL unilaterally searched its system and found suspected child pornography, and then turned over any suspected child pornography directly to the government rather than to NCMEC, there would be no implication of the Fourth Amendment as AOL is a

private actor.  It stands to reason, therefore, that by

forwarding the suspected child pornography directly to NCMEC the

result would be the same: there is no implication of the Fourth

Amendment, as there was no government involvement in the search

at issue in this case.

Similar reasoning should apply to NCMEC.  As to NCMEC's

status as a private party, as the testimony from John Shehan, the

Executive Director of NCMEC, confirmed, there was no government

interaction with NCMEC prior to NCMEC's report of the defendant's

conduct to law enforcement after NCMEC viewed the image depicting

child pornography.  In *Cameron*, the Court concluded that NCMEC is

not officially a government entity. *Cameron*, 699 F.3d at 644.  As

the government correctly stated in its January 2, 2013, brief,

"[t]he Court did not address the status of government agent

outside of the Sixth Amendment context" (see footnote 3, page 2

of government's brief, docket entry #51).

In *Cameron*, the defendant raised a successful Sixth

Amendment confrontation clause challenge by arguing that the

Cybertipline Reports generated by NCMEC were not admissible

without testimonial evidence.  Relative to that narrow argument,

there, the Court reasoned that "in the context of this case NCMEC

effectively acted as an agent of law enforcement because it

received a government grant to accept reports of CP and forward
them along to law enforcement." *Cameron*, 699 F.3d at 645.
However, as the government correctly stated in its January 2,
2013 filing, the *Cameron* Court did <u>not</u> address the status of
NCMEC as a government agent outside of the Sixth Amendment
context.  *Cameron's* dicta, on which Keith relies, was narrowly
limited to the Sixth Amendment challenge only, and was case
specific to the facts presented in *Cameron*.  What Keith
conveniently ignores is the more fulsome record now before this
Court.

Here, relative to the Fourth Amendment challenge the
testimony of Mr. Shehan was clear and demonstrated that NCMEC is
a private party.  NCMEC's mission is to help families reunite
with missing children and to help prevent or stop the sexual
exploitation of children [Tr.-42]; NCMEC is a private non-profit
organization that serves as a clearinghouse for information on
issues related to missing and exploited children [Tr.-5,43]; is
not acting on behalf of or at the direction of law enforcement
[Tr.-43]; is not an investigative agency [Tr.-43]; the government
did not exercise any control over any search NCMEC may have done
in this case [Tr.-44].  NCMEC's primary focus is to serve its own
interests or its own mission [Tr.-44]; the law enforcement

officials who are on site at NCMEC do not assist the NCMEC

analyst in his responsibilities [Tr.-42]; the NCMEC analyst is an

employee of NCMEC and not law enforcement nor does law

enforcement assist the analyst in analyzing the image [Tr.-48];

the purpose of having law enforcement officials on site at NCMEC

is to help with referrals of Cybertipline leads [Tr.-44] and this

occurs only after the NCMEC analyst completes all of his or her

responsibilities [Tr.-44]; and NCMEC's Cypbertipline database is

maintained in the ordinary, normal course of business [Tr.-52].

The Cypbertipline report does not function as an investigatory

arm [Tr.-46] and NCMEC simply forwards those reports to law

enforcement.   The evidence now before this Court demonstrates

taht NCMEC's primary focus is to serve its own interests not the

interests of the government.

The government further directs the Court to the August 15,

2013, Eighth Circuit decision in *United States v. Stevenson* (8th

Cir. August 15, 2013, No. 12-3960).  Similar to the holdings in

other circuits, there the Court held that AOL was a private actor

and therefore not constrained by the Fourth Amendment. *Id.*, at 3.

As in this case, the *Stevenson* Court reasoned that a reporting

requirement, standing alone, does not transform an internet

service provider into a government agent whenever it chooses to

scan files sent on its network for child pornography.  *United States v. Stevenson* (8th Cir. August 15, 2013, No. 12-3960), (an electronic communication service provider is not required to monitor any user or communication, and need not affirmatively seek facts or circumstances demonstrating a violation that would trigger the reporting obligation of §2258A(a)), citing *United States v. Cameron*, 699 F.3d 621, 637-638 (1st Cir. 2012), *United States v. Richardson*, 607 F.3d 357, 366-367 (4th Cir. 2010).

The Court in *Stevenson* elaborated by stating even assuming that AOL partnered with law enforcement to combat child pornography, AOL's decision on its own initiative to ferret out child pornography does not convert the company into an agent or instrument of the government for Fourth Amendment purposes . . . AOL's voluntary efforts to achieve a goal that it shares with law enforcement do not, by themselves, transform the company into a government agent.  *Id.* at 8, citing *United States v. Smith*, 383 F.3d 700, 705 (8th Cir. 2004).  In this case, the government argues the same reasoning applies to NCMEC as to AOL with the same result.  Parallel interests to combat sexual exploitation does not transfer NCMEC into an instrument of the government.

**II.**   *Davis v. United States*, 131 S.Ct. 2419 (2011)

Contrary to defendant's second assertion that the government

misconstrued the holding of the Supreme Court in *Davis v. United States,* 131 S.Ct. 2419 (2011), the Court's analysis is controlling in this case, and neither exclusion nor suppression is appropriate or required.  In *Davis*, the Court held there was no Fourth Amendment violation and the exclusionary rule should not apply when a search is done in objectively reasonable reliance on binding appellate procedure.

In this case, the child pornography image at issue was provided to NCMEC by AOL on or about November 26, 2009.  It matters not that the date was prior to the 2010 decision of *United States v. Richardson*, 607 F.3d 357 (4th Cir. 2010).  As of the date the image was provided to NCMEC, there was nothing prohibiting AOL or NCMEC from viewing and/or forwarding the image without obtaining a warrant as no Court had ruled on whether AOL or NCMEC were instruments of the government or that a warrant was required.  Further, the *Richardson* case was decided on June 11, 2010, several months prior to the issuance of the state search warrant in this case which was dated September 17, 2010. Therefore, here the police could have relied on the holding in *Richardson* when obtaining the search warrant.  Keith, like the defendant in *Richardson*, argues that AOL's search of his email was "an unconstitutional search on behalf of the government".

*Richardson* at 360.  The Fourth Circuit rejected *Richardson's* argument and this Court should likewise do the same.  As the *Davis* Court reasoned when there is an objective good faith belief that the police conduct is lawful and the level of deterrence is minimal then exclusion is inappropriate. *Davis*, 131 S.Ct. at 2427-28.  Here there was no culpability on behalf of law enforcement conduct at issue and therefore the exclusionary rule does not apply.

The reasons behind the exclusionary rule do not come into play and suppression is not required, as long as the officers acted in good faith.  An officer or agent is not "expected to question the magistrate's probable cause determination." _*United States v. Leon*, 468 U.S. 897, 921 (1984).

> The basic insight of the *Leon* line of cases is that the
> deterrence benefits of exclusion "var[y] with the
> culpability of the law enforcement conduct" at issue.
> ...When the police exhibit "deliberate," "reckless," or
> "grossly negligent" disregard for Fourth Amendment rights,
> the deterrent value of exclusion is strong and tends to
> outweigh the resulting cost. ...But when the police act with
> an objectively "reasonable good-faith belief" that their
> conduct is lawful, ... the '"deterrence rationale loses much
> of its force,"' and exclusion cannot "pay its way." *Davis v.
> United States*, 131 S.Ct. 2419, 2427-28(citations omitted).

Under this line of cases, here there was no violation of the Fourth Amendment.

## III. CONCLUSION

For the foregoing reasons as well as those set forth in previous filings and arguments by the government, the defendant's motion to suppress should be denied.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:  s/ Suzanne Sullivan Jacobus
Suzanne Sullivan Jacobus
Nadine Pellegrini
Assistant U.S. Attorneys


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ Suzanne Sullivan Jacobus
SUZANNE SULLIVAN JACOBUS
Assistant U.S. Attorney