UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 11-10294-GAO

UNITED STATES OF AMERICA

v.

DAVID A. KEITH,
Defendant.

OPINION AND ORDER
May 13, 2014

O'TOOLE, D.J.

The indictment charges the defendant, David A. Keith, with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and accessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

Count I (distribution of child pornography) and Count II (possession of child pornography) are based on evidence uncovered from the forensic search of an HP Pavilion 700 tower computer found at Keith's residence. Keith now moves to suppress the fruits of this forensic search, alleging that it was conducted without a warrant and thus violated his Fourth Amendment rights.

On Friday, September 17, 2010, a search warrant was issued for Keith's primary residence.[1] The warrant authorized law enforcement officials to search for, among other things, computer systems, computer hardware, and computer software.[2] Local, state and federal law enforcement agents executed the warrant that same day and conducted a full search of Keith's

---

[1] The home was owned and occupied by Keith's grandparents, Douglas and Sharon Keith.
[2] The search warrant was valid for a seven-day period beginning on September 17, 2010.

residence. During the course of their search the agents confiscated a number of items, including a Gateway computer allegedly containing numerous pictures of child pornography.[3] This was the only computer seized on September 17, 2010. The agents completed their search in a few hours, and Keith was arrested and taken into custody.

Later that Friday, the Haverhill police received a phone call from Keith's grandfather, who told them that a second computer, the HP computer, was still in the residence. The computer was located in a hallway area used for storage. The grandfather also represented that Keith had used this computer in the past. The following Monday, September 20, 2010, two officers returned to Keith's residence to retrieve the second computer. The officers obtained a written consent from Keith's grandmother to seize the HP computer. The officers confiscated only the HP computer and did not conduct any additional search of the residence. A subsequent forensic search of the HP computer uncovered substantial evidence of child pornography.

Keith argues that the September 20, 2010 seizure and subsequent search of the HP computer was not authorized under the original search warrant because that warrant had been fully executed on September 17, 2010. Although he concedes that his grandmother may have had the authority to consent to a *seizure* of the HP computer, the police were nevertheless required to have a valid warrant prior to conducting any forensic *search* of its contents. After a review of the parties' briefing and oral argument on the motion, I conclude that the forensic search of the HP computer was authorized by the warrant and was therefore reasonable under the Fourth Amendment.

Although the seizure of the HP computer was authorized by the warrant, it was not seized during the September 17 search of the Keith home. Rather, it was effectively turned over

---

[3] The Gateway computer supports Count III (accessing child pornography) and is not at issue here.

voluntarily to police by Keith's grandparents. The search of the contents of that computer also had been authorized by the warrant, and the warrant was still valid when the computer was seized on September 20. Its contents could be searched forensically pursuant to the warrant's authority just as the contents of the computer actually taken from the home by the police on September 17 could later be searched forensically pursuant to the warrant.

The "continuation" doctrine addressed in the parties' submissions is in these circumstances irrelevant, because the September 20 seizure did not, in light of the grandmother's consent, rely on the authority of the warrant. In other words, even if the warrant would not have authorized a "continuation" search on September 20, that does not matter because the consent was a fully effective substitute for a warrant.

For these reasons, the defendant's motion to suppress (dkt. no. 74) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge